



FILED

Apr 25 2018, 1:44 pm

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

IN THE

# Indiana Supreme Court

Supreme Court Case No. 41S00-1612-DI-659

In the Matter of
Joseph Patrick Hudspeth,
*Respondent.*

Decided: April 25, 2018

Attorney Discipline Action

Hearing Officer Roger L. Duvall

**Per Curiam Opinion**

All Justices concur.

**Per Curiam.**

We find that Respondent, Joseph Patrick Hudspeth, engaged in attorney misconduct by neglecting clients' cases, making dishonest statements to current and prospective clients, and failing to timely respond to the Commission's demand for information. For this misconduct, we conclude that Respondent should be suspended for at least eighteen months without automatic reinstatement.

This matter is before the Court on the report of the hearing officer appointed by this Court to hear evidence on the Indiana Supreme Court Disciplinary Commission's "Verified Complaint for Disciplinary Action," and on the post-hearing briefing by the parties. Respondent's 2008 admission to this state's bar subjects him to this Court's disciplinary jurisdiction. *See* IND. CONST. art. 7 § 4.

## Procedural Background and Facts

The Commission filed a four-count "Verified Complaint for Disciplinary Action" against Respondent on December 16, 2016, and we appointed a hearing officer. Following an evidentiary hearing, the hearing officer issued his report on January 4, 2018, finding Respondent committed violations as charged.

*Count 1*. Respondent was hired in October 2009 by "Clients 1" to pursue claims for disability and/or damages for their daughter, who was injured in a golf cart accident during a high school event. In September 2010 Respondent filed suit against "School" and "Golf Club." Shortly thereafter, School sought discovery (including requests for admission), Golf Club filed for bankruptcy protection, and the court stayed the lawsuit temporarily pending the bankruptcy. Respondent took no action in the bankruptcy to see if the trustee would pursue the claim of Clients 1. Golf Club was granted a discharge in the bankruptcy case in January 2012, after which School renewed its discovery requests. Respondent failed to respond to these requests and to subsequent motions to compel and to deem admissions made, prompting School to file a motion to dismiss. Respondent submitted an untimely response and failed to appear at a

hearing on the motion to dismiss, which was reset. Meanwhile, Clients 1 lost all contact with Respondent and were unable to reach him, and they were unaware their case was facing dismissal. Respondent did not appear at the reset dismissal hearing, and the court granted the School's motion to dismiss. Respondent did not notify Clients 1 of the dismissal.

During these disciplinary proceedings Respondent produced a letter addressed to Clients 1 and dated one day after the trial court's dismissal of the case, in which Respondent deceptively wrote that the case had been dismissed because Clients 1 could not establish 100% liability against School. The hearing officer found that this letter was not sent to Clients 1 but instead was created by Respondent during the disciplinary process.

*Count 2*. In 2010 Respondent filed in federal court on behalf of "Client 2" a petition for judicial review of an administrative denial of Client 2's social security disability claim. However, Respondent thereafter neglected the case, resulting in a dismissal of the case in August 2012. Respondent did not inform Client 2 of the dismissal. When asked by Client 2 in September 2013 about the status of the case, Respondent falsely told her suit was pending and it would take months to get a result. Client 2 later called the court directly and learned her case had been dismissed.

*Count 3*. Respondent failed to timely respond to the Commission's demands for information regarding a grievance filed by Clients 1, leading to the initiation of show cause proceedings in this Court. Those proceedings eventually were dismissed after Respondent belatedly complied.

*Count 4*. Two websites maintained by Respondent falsely represented his experience, specialization, and other aspects of his legal practice. More specifically, Respondent falsely claimed that "he had 35 years of experience in the [social security] industry," falsely used the plural "attorneys" to describe the members of his firm even though Respondent was a solo practitioner, and falsely claimed to be a specialist in areas of the law in which he held no certification of specialty (and, in most instances, had little or no experience).

# Discussion

The Commission alleged, and the hearing officer concluded, that Respondent violated the following Indiana Rules of Professional Conduct:

> 1.3: Failing to act with reasonable diligence and promptness.

> 1.4(a)(3): Failing to keep a client reasonably informed about the status of a matter.

> 1.4(a)(4): Failing to comply promptly with a client's reasonable requests for information.

> 1.4(b): Failing to explain a matter to the extent reasonably necessary to permit a client to make informed decisions.

> 7.1: Making a false or misleading communication about the lawyer or the lawyer's services.

> 7.4: Making a statement of specialization when not authorized.

> 8.1(b): Failing to respond in a timely manner to the Commission's demands for information.

> 8.4(c): Engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation.

Respondent does not challenge any of the hearing officer's findings or conclusions with respect to these charged rule violations, and we likewise conclude that Respondent violated the rules as charged.

Both parties have filed briefs in this Court addressing the issue of an appropriate sanction. Respondent argues that little or no "actual harm" resulted from his misconduct. (Pet. for Review of Sanctions at 10). The hearing officer did observe "that a successful resolution of claims being pursued by [Clients 1] and [Client 2] would have been difficult" (HO's Report at 23), but stretching this observation into a contention that Respondent's misconduct caused no harm is a bridge too far. Respondent's neglect deprived Clients 1 and Client 2 of the opportunity to be heard on their claims, and his dishonesty and lack of adequate

communication deprived his clients of the professional services to which they were entitled and the opportunity to make informed decisions about their cases. Respondent's neglect in Count 3 necessitated the expenditure of additional resources by the Commission and the coercive intervention of this Court. And finally, Respondent's false advertising in Count 4 harmed all prospective clients who were misled into believing that Respondent would bring levels of experience and competence to bear in their cases that greatly exceeded what Respondent actually could provide.

For similar reasons we cannot subscribe to Respondent's reductive characterization of his misconduct as "avoidance." (Pet. for Review of Sanctions at 10). This argument simply fails to account for Respondent's affirmative, willful, and repeated acts of dishonesty to his clients and to the public.

The parties' respective positions on sanction differ largely on the question of whether Respondent should be suspended with or without automatic reinstatement. Respondent's pattern of dishonesty, which Respondent employed largely to mask his own professional shortcomings, compels us to conclude that a significant period of suspension is warranted and that Respondent must be required to undergo the reinstatement process before resuming the practice of law.

## Conclusion

For Respondent's professional misconduct, the Court suspends Respondent from the practice of law in this state for a period of at least eighteen months, without automatic reinstatement, effective June 6, 2018. Respondent shall fulfill all the duties of a suspended attorney under Admission and Discipline Rule 23(26). At the conclusion of the minimum period of suspension, Respondent may petition this Court for reinstatement to the practice of law in this state, provided Respondent pays the costs of this proceeding, fulfills the duties of a suspended attorney, and satisfies the requirements for reinstatement of Admission and Discipline Rule 23(18).

The costs of this proceeding are assessed against Respondent. The hearing officer appointed in this case is discharged.

All Justices concur.

ATTORNEY FOR RESPONDENT

Jennifer M. Lukemeyer
Indianapolis, Indiana

ATTORNEYS FOR INDIANA SUPREME COURT
DISCIPLINARY COMMISSION

G. Michael Witte, Executive Director
Seth T. Pruden, Staff Attorney
Indianapolis, Indiana